UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PRECIOUS BADRAN,
   Plaintiff,

  v.               Case No. 09C0098

CITY OF MILWAUKEE, et al.,
   Defendants.

## DECISION AND ORDER

  Plaintiff Precious Badran filed this action against defendants City of Milwaukee, Milwaukee County Sheriff's Department, City of Milwaukee Treasurer's Officer, US Bank NA, and Blommer Peterman S.C. Plaintiff asserts that defendants collectively and unlawfully deprived her of her real property, located at 1414 West Concordia Avenue in Milwaukee. She seeks damages to compensate her for her loss. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

  Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Neitzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply. See West v. Macht, 986 F. Supp. 1141, (W.D. Wis. 1997). Under § 1915, an indigent party may

commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavits of indigence. Upon review of that affidavit, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff avers that she is unemployed, has no income, has very little in terms of assets, and has substantial monthly expenses. Additionally, plaintiff has stated the nature of this action and asserted her belief that she is entitled to redress. Although the Rooker-Feldman doctrine or preclusion might apply to plaintiff's case and prevent her from receiving relief in this court, at this stage with such limited information before me, I cannot make these determinations. See, e.g., Taylor v. Fed. Nat'l Mortgage Ass'n, 374 F.3d 529 (7th Cir. 2004).

As a final matter, I note that plaintiff has named the Milwaukee County Sheriff's Department and the City of Milwaukee Treasurer's Office as defendants. These defendants are agencies of the county and city municipalities, and are not suable entities separate and apart from Milwaukee County and the City of Milwaukee. See, e.g., Whiting v. Marathon County Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004). Therefore, I will dismiss these defendants, and I will order the clerk to substitute Milwaukee County as a defendant in this action. Plaintiff has already named the City of Milwaukee as a defendant.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Milwaukee County Sheriff's Department and City of Milwaukee Treasurer's Office are dismissed from this action.

**IT IS FURTHER ORDERED** that the clerk of court substitute Milwaukee County as a defendant in this action in place of the Milwaukee County Sheriff's Department.

**IT IS ADDITIONALLY ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiffs, however, should provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 22 day of April, 2009.

/s
LYNN ADELMAN
District Judge