UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PRECIOUS SHIRLEY BADRAN,,

    Plaintiff,

  v.                                       Case No. 09-C-98

CITY OF MILWAUKEE,
US BANK NA,
BLOMMER PETERMAN,
MILWAUKEE COUNTY,

    Defendants.

### DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

The plaintiff, Precious Shirley Badran, who is proceeding pro se, commenced this action on January 29, 2009 by filing a complaint in the Eastern District of Wisconsin. In her complaint, the plaintiff seeks relief from the City of Milwaukee ("City"), US Bank NA ("US Bank"), Blommer Peterman ("Peterman") and Milwaukee County ("County") based upon events apparently stemming from the alleged unlawful seizure of her real property located at 1414 West Concordia Avenue in Milwaukee. Although this action was originally assigned to United States District Judge Lynn Adelman, the action was transferred on October 23, 2009 to this branch of the district court based upon the consent of the parties to magistrate judge jurisdiction.

Currently before the court are four motions to dismiss separately filed by each defendant seeking the dismissal of the plaintiff's complaint. The defendants' motions generally seek a dismissal of the plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) based upon the following: (1) the plaintiff has not stated enough facts to state a claim for relief that is plausible on its face (*See* County's Br. at 2-3; City's Br. at 1; US Bank's Br. at 5; Peterman's Br. at 5.); and (2) this court does not have subject-matter jurisdiction over the plaintiff's complaint under the *Rooker-Feldman* doctrine (*See* County's

Br. at 4; City's Br. at 2; US Bank's Br. at 6; Peterman's Br. at 6). After the defendants filed their motions, the plaintiff did not file a brief in response to the defendants' motions within twenty-one days of service of the motions as required by the applicable local rules.[1] That said, the plaintiff filed numerous letters with the court requesting a mediation/settlement conference. Accordingly, on January 6, 2010, this court issued an order requiring the plaintiff to file a response to the defendants' motions on or before February 8, 2010 or the court would consider dismissing the action for failure to prosecute. In that same order, the court denied the plaintiff's requests for a mediation/settlement conference. On January 19, 2010, the plaintiff filed a response to the defendants' motions to dismiss as well as an additional letter requesting a mediation/settlement conference. The defendants' motions are now fully briefed and are ready for resolution.[2] For the reasons which follow, the defendants' motions to dismiss will be granted and the plaintiff's request for a mediation/settlement conference will be denied as moot.

After reviewing the plaintiff's complaint and a document labeled as an amended complaint that the plaintiff filed with the court on July 11, 2009, it appears to the court that the plaintiff's claim is based upon the non-payment of property taxes and a sheriff's sale of the plaintiff's real property. The heart of the plaintiff's claim is that she was the only individual with a legal right to the real property that was auctioned off at a sheriff's sale, an auction that was allegedly orchestrated by the defendants. Without expressly using the word foreclosure, it appears from the plaintiff's complaint that the real

---

[1] Subsequent to the filing of the defendants' motions, the Civil Local Rules were amended. As it pertains to this case, pre-amendment Civil Local Rule 7.1, which was in effect when the defendants filed their motions, required the plaintiff to file her response to each defendant's motion within 21 days of the service of each motion.

[2] Under the pre-amendment Civil Local Rule 12.1, which was in effect when the defendants filed their motions, each defendant was required to comply with certain procedures. More specifically, the defendants' motions to dismiss were required to provide the information specified in pre-amendment Civil Local Rule 56.1. A review of the County's motion to dismiss reveals that the County has not complied with these requirements. That said, the remaining defendants' motions to dismiss did comply with the requirements of the civil local rules, thereby providing the plaintiff with the information specified in the rule. Consequently, the court will allow the County to proceed with its motion to dismiss.

2

property was auctioned off after a foreclosure action by US Bank NA in the Milwaukee County Circuit Court. As noted above, the basis for the foreclosure action appears from the plaintiff's complaint to have been a delinquent property tax bill.

In support of their motions to dismiss, the defendants argue that the plaintiff's action asks this court to overturn the judgment of the Milwaukee County Circuit Court in *U.S. Bank, N.A. v. Arvilla M. Hunter, et. al.*, Milwaukee County Circuit Court Case Number 05CV3761. The defendants note that the plaintiff's complaint and amended complaint frequently reference this case and an attachment to the plaintiff's complaint includes a motion to reopen filed by the plaintiff in the circuit court action. Based on the foregoing, the defendants contend, pursuant to the *Rooker-Feldman* doctrine, that this court does not have subject-matter jurisdiction over the plaintiff's claim.

The Seventh Circuit Court of Appeals has explained the *Rooker-Feldman* doctrine as follows:

> [T]he *Rooker-Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment. *Brokaw* [*v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002).] Therefore, if a claim is barred by the *Rooker-Feldman* doctrine, the federal court lacks subject-matter jurisdiction over the case.

*Taylor v. Federal National Mortgage Association*, 374 F.3d 529, 532 (7th Cir. 2004). Given the foregoing, the Seventh Circuit in *Taylor* instructed district court's to first determine "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Id.* (internal quotations omitted). Additionally, "federal claims presented to the district court that were not raised in state court or that do not on their face require review of a state court's decision may still be subject to *Rooker-Feldman* if those claims are 'inextricably intertwined with a state court judgment." *Id.* at 532-33. In conclusion, "the determination hinges on whether the

federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Id.* at 533.

In my opinion, the defendants are correct that the plaintiff's claim is barred by the *Rooker-Feldman* doctrine. The plaintiff's pleadings make it clear that she is seeking compensation for the property auctioned off at the sheriff's sale. In other words, the plaintiff is asking the court to award her relief for an injury caused by the state court judgment, to wit, the judgment allowing her property to be auctioned off at the sheriff's sale. Simply put, the plaintiff's claim is strictly prohibited by the *Rooker-Feldman* doctrine, a doctrine which expressly forbids this court from entertaining claims seeking the review of a state court judgment, even if the plaintiff's claim is denominated as a civil rights action. *See Johnson v. Orr*, 551 F.3d 564, 567-68 (7th Cir. 2008) ("[A] litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." (internal quotations and citations omitted).)

Finally, because this action will be dismissed pursuant to the *Rooker-Feldman* doctrine, the court does not have occasion to consider the defendants' argument that the plaintiff's complaint has not stated enough facts to state a claim for relief that is plausible on its face.

Having said all of that, the court is sensitive to the plaintiff's plight. The current housing crisis has forced countless persons – many of them victims of circumstance – out of their homes and into uncertain futures. But the court is bound to abide by the law as it finds it. The court finds itself without the jurisdiction necessary to consider the plaintiff's claim. Consequently, and for all the foregoing reasons, the defendants' motions to dismiss will be granted.

**NOW THEREFORE IT IS ORDERED** that the City of Milwaukee's motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that US Bank NA's motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Peterman's motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Milwaukee County's motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**SO ORDERED** this 24th day of February 2010 at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge